IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2000

## STATE OF TENNESSEE v. ANDREW D. BLEDSOE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-1908     J. Randall Wyatt, Jr., Trial Judge**

---

**No. M1999-00788-CCA-R3-CD - Filed November 17, 2000**

---

The defendant, after being convicted of reckless homicide, appeals his sentence of three and one-half years incarceration. He argues that the trial court incorrectly imposed an excessive sentence and that the trial court erred by not imposing any form of alternative sentence. We hold that a death, although unfortunate and tragic, standing alone, is insufficient to deny an alternative sentence given our legislative mandate that Range I standard offenders convicted of any Class D felony are presumed to be favorable candidates for alternative sentencing. Therefore, after careful review, we affirm the length of the sentence; however, we modify its manner of service to an alternative sentence of split confinement of one year and the remaining two and one-half years on probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jeffrey A. DeVasher and Wendy S. Tucker, Assistant Public Defenders (on appeal); Karl F. Dean, District Public Defender (at trial), for the appellant, Andrew D. Bledsoe.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Bret Thomas Gunn, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

The defendant, Andrew D. Bledsoe, appeals his three and one-half year sentence after being convicted in the Davidson County Criminal Court for violation of Tennessee Code Annotated section 39-13-215, reckless homicide, a Class D felony. On appeal, the defendant asks this Court to find that his three and one-half year sentence was excessive, as the trial court failed to properly find and apply certain mitigating factors. Further, the defendant asserts that the trial court incorrectly failed to impose any form of alternative sentence. After careful review, we affirm the length of the

sentence. However, we modify its manner of service to an alternative sentence of split confinement of one year and the remaining two and one-half years on probation.

## Facts

The defendant was tried for first degree murder and found guilty of reckless homicide. At trial and in its brief, the State submits facts that contradict the defendant's version and that are presented in a more sinister light. It appears, by their verdict, that the jury more closely accredited the defendant's version of the facts than the State's. Therefore, for background purposes, we set forth the relevant portion of the statement of evidence as contained in the defendant's brief:

> Charged with premeditated first degree murder, the defendant was convicted of the lesser-included offense of reckless homicide. The charge resulted from a shooting incident that occurred during the early morning hours of April 29, 1998, at a residence the defendant shared with a friend in Nashville. The defendant acknowledged shooting the victim, but maintained that the shooting was an accident.
>
> The defendant and the victim, Manuelito "Dino" Silva, were friends who had attended high school together, and had known each other for approximately ten years. At the time of the incident, both the defendant and the victim were frequent cocaine users. The victim had owed money to the defendant for cocaine purchased more than a year prior to the incident, but the defendant had not attempted to collect the debt for some time.
>
> The defendant was known by his friends to be extremely careless with guns. He accidentally shot himself in the leg on one occasion, and accidentally discharged his gun on another occasion in his bedroom when he lived with his parents. The defendant's gun, a .44 caliber revolver, had a malfunctioning chamber, which would not rotate. The defendant habitually kept his malfunctioning chamber empty, and kept his gun set on this chamber, so that he could pull the trigger without the gun firing. He also would frighten his friends by pointing the gun at them and pulling the trigger when the gun was set on the empty, malfunctioning chamber. At trial, expert witnesses for both the prosecution and defense verified that the cylinder of the defendant's gun would not rotate when the gun was set with the malfunctioning chamber under the hammer.
>
> On the evening in question, the victim and one of the defendant's roommates, Jimmy Joe Sanders, were drinking and using cocaine in Sanders' den in the residence. The defendant, along with his friend Chris Nightingale, was also drinking and using cocaine in the defendant's room in the same residence. The only bathroom in the residence was adjacent to Sanders' den, and the defendant would casually converse with Sanders and the victim when he periodically needed to use the bathroom that evening.

The defendant testified at trial that when he went to the bathroom for the final time that evening, he noticed that Sanders and the victim were watching an action movie, and that Sanders was showing the victim his (Sanders') gun, a .357 caliber revolver. The defendant then went into his room to get his gun and brought it to show Sanders and the victim. He testified that he thought he had set the gun on the empty chamber, as was his custom. He pointed the gun at the victim and pulled the trigger, intending to play a joke and scare the victim. Unbeknownst to the defendant, however, the gun was fully loaded. The victim was shot in the upper left arm, with the bullet re-entering his chest.

Sanders immediately called 911, but left the residence shortly thereafter. The defendant ran to his bedroom and told Nightingale to leave, then returned to Sanders' den and attended to the victim. The 911 operator called back twice, and the defendant answered the phone. He told the operator that he had accidentally shot the victim. Medical personnel arrived at the residence shortly thereafter, and transported the victim to the hospital, where he died.

The defendant remained on the scene. When police arrived, he immediately stated that he had accidentally shot the victim. The defendant subsequently gave a tape recorded statement at police headquarters, during which he also acknowledged accidentally shooting the victim.

The defendant was indicted by the Grand Jury of Davidson County, Tennessee on August 21, 1998 for first degree murder. The defendant pled not guilty and was found guilty by a jury for the lesser-included offense of reckless homicide. A sentencing hearing was held on August 27, 1999. At the conclusion of the sentencing hearing, the trial court sentenced the defendant as a Range I standard offender, to three (3) years, six (6) months continuous incarceration. The defendant's appeal is timely before this Court and the defendant asserts two issues: (1) The trial court's sentence was excessive, as the trial court failed to properly apply certain mitigating factors and (2) the trial court incorrectly denied the defendant some form of alternative sentence.

**Analysis**

***Length of Sentence***

The defendant first challenges his length of sentence by asserting that the trial court failed to consider certain mitigating factors and incorrectly weighed the enhancing and mitigating factors. This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, if the trial court fails to comply with the statutory directives, there is no presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors, and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. Fletcher, 805 S.W.2d at 789.

First, we find that this sentence is entitled to the presumption of correctness. At the sentencing hearing, the trial court, applying Tennessee Code Annotated section 40-35-114(9), found one applicable enhancement factor: the defendant possessed or employed a firearm during the commission of the offense. Although the defendant concedes the application of the enhancing factor found by the trial court, the State asserts that the trial court should have applied two other enhancing factors under Tennessee Code Annotated section 40-35-114(1) & (10): that the defendant has a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range; and that the defendant had no hesitation about committing a crime when the risk to human life was high. The trial court considered the State's assertions and concluded that these factors did not apply. We find no error in the trial court's conclusion.

Next, the trial court found that three mitigating factors, Tennessee Code Annotated section

-4-

40-35-113(6), (10), and (11), applied: (1) the defendant lacked substantial judgment because of his age; (2) the defendant assisted the authorities in locating or recovering any property or person involved in the crime; and (3) the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a substantial intent to violate the law motivated the criminal conduct. The defendant asserts that the trial court erred by not applying two additional mitigating factors under Tennessee Code Annotated section 40-35-113(3) and (4): that substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; and that the defendant has no prior criminal record and has undergone substance abuse treatment. The trial court adequately considered the defendant's assertion before determining the factors inapplicable. We find no error in this determination.

After determining which enhancing and mitigating factors applied, the trial court, pursuant to Tennessee Code Annotated section 40-35-210(e), weighed the appropriate factors to determine the sentence. Most notably, the trial court gave great weight to the one enhancing factor stating: "I do think the way this firearm was used and the way that it had been used before, and the fact that it was used in the commission of this offense is an enhancement factor. And the court intends to give it substantial weight." After discussing the appropriate mitigating factors, the court concluded:

> [T]his court is of the opinion [that the defendant] should be sentenced to a sentence of three and one-half years on this case. That's a penalty just a little less than the maximum. And I think the circumstances call for that. In other words, it's three years and six months is the sentence that the court is giving, considering the aggravating factors and the mitigating factors. It's not the maximum, but it's more near that than it is the minimum.

In this case, the trial court followed the statutory sentencing procedure, imposed a lawful sentence after considering and weighing the proper factors and principles set out under sentencing law, and the trial court's findings of fact are supported by the record. Therefore, we find no error in the defendant's three and one-half year sentence.

### *Alternative Sentence*

Second, the defendant challenges the trial court's denial of alternative sentencing. Specifically, the defendant argues that the trial court erred in sentencing him to incarceration and denying him any form of alternative sentence. As noted above, this Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). The defendant in this case was sentenced as a Range I standard offender to three and one-half years. A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). Therefore, this defendant is not only eligible for probation, but also is presumed to be a favorable candidate for alternative sentencing.

It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. A defendant presumed to be a favorable candidate for alternative sentencing has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim.

App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

In determining if incarceration is appropriate, a trial court considers (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

In this case, the trial court found that only one of the factors existed for determining incarceration appropriate. In reaching this conclusion, the court stated: "[T]he Court is of the opinion that it would demean and depreciate the seriousness of the loss of a human life for me to put you on probation today." While this is an important factor to consider, it is not the sole factor to consider in determining whether incarceration is appropriate. In fact, death of another resulting from the defendant's conduct does not alone justify a denial of probation. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995). The trial court relied upon this fact in imposing incarceration and, therefore, never considered an alternative sentence.

Reliance upon the fact that someone died as a result of the defendant's conduct was the only reason the trial court concluded that the defendant should receive incarceration and not alternative sentencing. We note the obvious fact that death is an essential element in all homicide cases and our Legislature has classified some of these homicides as Class C, D and E felonies, including the crime involved here, reckless homicide. See Tenn. Code Ann. §§ 39-13-212, -213, & -215. The legislature further mandated that an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). The trial court's reliance upon the mere fact of loss of human life, an element in the crime, to satisfy the need to avoid depreciating the seriousness of the offense circumvents the Legislature's intent that standard offenders convicted of Class D felonies be presumed favorable candidates for alternative sentencing. The trial court made no other findings in support of incarceration and denial of alternative sentencing. Therefore, we hold that the trial court's findings in support of its denial of alternative sentencing were insufficient.

It is our opinion that the defendant, pursuant to Tennessee Code Annotated section 40-35-306, should receive an alternative sentence of split confinement of one year and the remaining two

and one-half years on probation.

## Conclusion

For the reasons set forth above, we affirm the length of the sentence, but modify its manner of service and remand to the trial court for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE